**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **Gerald A. Lejchar,** <br> **Mary Kay Lejchar,** <br><br> Plaintiffs, <br><br> v. <br><br> **Barbe L. Puro,** <br> **Malmberg Development Corporation,** <br> **Eric P. Malmberg,** <br> **Prescott Real Estate Partners,** <br> **Heidi D. Beacham,** <br> **First Class Funding,** <br> **Jacob Kor,** <br> **Rachel Kor,** <br> **Berglund Enterprises, Inc.,** <br> **Christopher Burglund,** <br> **Marquis Mortgage, Inc.,** <br> **John Doe(s),** <br> **Mary Roe(s),** <br> **XYZ Corporation,** <br><br> Defendants. | **Civil No. 07-1064 (DSD-JJG)** <br><br><br> **REPORT** <br> **AND** <br> **RECOMMENDATION** |

JEANNE J. GRAHAM, United States Magistrate Judge

The above matter came to the undersigned on June 7, 2007 for pretrial motions. Defendants Eric P. Malmberg, Malmberg Development, and Prescott Real Estate Partners (collectively the Malmberg defendants) move to dismiss, or in the alternative, to stay pending arbitration (Doc. No. 2). Defendants Heidi Beacham and Marquis Mortgage move to join (Doc. No. 18). Plaintiffs Gerald Lejchar and Mary Lejchar move to amend their complaint (Doc. No. 23). The motion to dismiss comes before this Court for a report and recommendation in accordance with 28 U.S.C. § 636(b) and Local Rule 72.1(b).

David J. Wymore, Esq., appeared for the Lejchars. S. Steven Prince, Esq., and Adam D. Maier, Esq., appeared for the Malmberg defendants. Jeffrey W. Thone, Esq., appeared for Heidi Beacham and Marquis Mortgage. No other parties appeared, either personally or through counsel.

## I.   BACKGROUND

This litigation arises out of an attempt by the plaintiffs, Gerald Lejchar and Mary Lejchar (the Lejchars), to sell their home. They were contacted by defendant Barbe Puro, then a real estate agent employed by defendant Malmberg Development, in August 2006. The Lejchars agreed to have Puro represent them in the marketing and sale of the property.

Puro located a prospective buyer for the property, defendant Jacob Kor. The Lejchars and Mr. Kor executed a purchase agreement, as well as an arbitration agreement, on October 3, 2006. The proposed sale price for the property was $740,000.

The parties met to close the sale on November 9, 2006. But Mr. Kor did not appear. Instead defendant Rachel Kor appeared in his place, and her name was substituted for his on the relevant documents. Ms. Kor was joined by defendant Heidi Beacham, an employee of defendant Marquis Mortgage, which allegedly was providing financing for the purchase.

On a reconciliation statement among the closing documents, the Lejchars discovered a line item showing a payment of $104,000 to defendant First Class Funding. The Lejchars did not know what the basis for this charge was, and they demanded an invoice. Because no other participants at the closing were able to provide a satisfactory explanation to the Lejchars, they refused to close the sale.

After the transaction failed, the Lejchars contacted Malmberg Development and complained about Puro. Malmberg Development terminated Puro shortly afterwards, evidently in response to the Lejchars'

complaints. Puro moved to another real estate firm and contacted the Lejchars again, hoping to revive the transaction, but the attempt was unavailing. The Lejchars assert in part that, after the original purchase agreement failed, they later had to sell at lower price and they suffered substantial damages.

The Lejchars chiefly allege that they were victims of a fraudulent scheme by the defendants. Based on the Lejchars' pleadings and allegations, the scheme worked as follows. The defendants forged an invoice for First Class Funding, a sham company. That invoice purportedly showed that the Lejchars owed First Class Funding $108,000 to remodel their home and that this work had not yet commenced.

The defendants retained an appraiser to determine an appropriate sale price for the Lejchars' home, supplying the appraiser with a copy of the invoice. This appraisal is inflated because it is based on the potential value of the remodeled home. The buyers acquired financing for the inflated amount.

Based on the invoice, the closing documents show that the Lejchars owe First Class Funding for remodeling to be done. As the buyers would be the beneficiaries of this work, the invoice is paid out of the sale proceeds, and those funds are received by First Class Funding. But the house is never remodeled.

After a short period of time, the defendants place the house back on the market, probably at a slightly lower price than the previous transaction. Potential buyers are unaware that the previous sale was based on an inflated appraisal, so they believe that the house is offered at a bargain price, and it quickly sells. The defendants pay off their loan, using a fraction of the money paid to First Class Funding. The remaining money is profit for the defendants.

The Lejchars bring this action against eleven named and seven unnamed defendants. They raise claims for fraud, negligence, breach of contract, breach of fiduciary duty, and violation of the Racketeer Influenced and Corrupt Organizations Act (RICO).

The Malmberg defendants now move to dismiss. They argue that the Lejchars fail to state a claim under RICO. Because the Lejchars invoke jurisdiction on the basis of a federal question, and because RICO is the only claim based on federal law, the Malmberg defendants then ask this Court to decline jurisdiction over the remaining state law claims. The Malmberg defendants assert, in the alternative, that this litigation is within the scope of the arbitration agreement that accompanied the purchase agreement, and they ask that this matter be dismissed pending arbitration.

Although Ms. Beacham and Marquis Mortgage have a motion styled as one to join, it is not a separate application for relief. This motion only indicates their concurrence with the motion to dismiss. The Lejchars also move to amend their complaint. As their proposed amended complaint purports to cure the concerns that may warrant dismissal, it merits attention in the context of the motion to dismiss.

**II.     ANALYSIS**

    **A.     Failure to State a Claim**

        **1.     Standard of Review**

In their motion to dismiss, the Malmberg defendants argue in part that the Lejchars cannot state a claim under RICO. Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim where the allegations in the complaint are so deficient that they provide no cause for relief. *Quinn v. Ocwen Federal Bank FSB*, 470 F.3d 1240, 1244 (8th Cir. 2006). When considering this question, a court shall only examine the pleadings, taking all reasonable inferences in favor of the nonmoving party. *Potthoff v. Morin*, 245 F.3d 710, 715 (8th Cir. 2001); *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

4

The Lejchars urge that the allegations in their complaint be viewed liberally.[1] They rely on authorities that emphasize the "short and plain" requirements of notice pleading, as well as the rule that it must be "beyond doubt" that the plaintiff has no claim for relief. *See, e.g., Knieriem v. Group Health Plan, Inc.*, 434 F.3d 1058, 1060 (8th Cir. 2006); *Gilmore v. County of Douglas*, 406 F.3d 935, 937 (8th Cir. 2005).

The U.S. Supreme Court, in the recent decision of *Bell Atlantic Corp. v. Twombly*, rejected the "beyond doubt" standard. 127 S.Ct. 1955 (2007). It held, notwithstanding the liberal pleading standards for a complaint, the plaintiff must plead facts that will support the legal requirements of each claim. *Id.* at 1968-69. This ruling, moreover, is consistent with Eighth Circuit authorities that emphasize how the plaintiff must allege "sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim." *See, e.g., Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2006).

For this reason, when evaluating the complaint on a motion to dismiss for failure to state a claim, a court may disregard legal conclusions cast as factual allegations. *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). When examining the Lejchars' complaint, this Court will take all reasonable inferences in the Lejchars' favor, but unsupported legal statements need not be given weight.

A separate concern is raised by the Lejchars' motion to amend their complaint, to which they have appended a proposed amended complaint. Although the proposed complaint is not technically in effect,

---

[1] Although the Lejchars sometimes refer to procedural standards under the Minnesota Rules of Civil Procedure, as well as authorities interpreting those rules, it is well established that state rules do not govern here. *See, e.g., Fidelity Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745, 750 (7th Cir. 2005); *BancOklahoma Mortgage Corp. v. Capital Title Co.*, 194 F.3d 1089, 1103 (10th Cir. 1999).

the Lejchars assert that it cures some arguments for dismissal. In this context, it is proper for a court to consider both the actual complaint and the proposed complaint. If the allegations in the proposed complaint are sufficient to resist dismissal, then it is an abuse of discretion for a court to grant a motion to dismiss. *Anthony v. Runyon*, 76 F.3d 210, 214 (8th Cir. 1996).

### 2. RICO

On the merits of their motion, the Malmberg defendants contend that the Lejchars have not alleged enough transactions to show a pattern of racketeering activity, and so they fail to state a claim under RICO. This claim is based on 18 U.S.C. § 1962(c), which provides in relevant part,

> It shall be unlawful for any person employed by or associated with any enterprise engaged in . . . interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of an unlawful debt.

The key term at issue here is further defined by 18 U.S.C. § 1961(5), which provides that a "pattern of racketeering activity requires at least two acts of racketeering activity."

Because the Lejchars have alleged fraud, the Malmberg defendants further argue that the transactions must be pleaded with particularity under Rule 9(b). The Lejchars do not contest that this rule applies here, but they characterize it as providing for a "higher degree of notice" rather than a particularized level of pleading.

Eighth Circuit authorities consistently require, under Rule 9(b), that a plaintiff specifically allege the circumstances of the fraud in the complaint. These allegations include "such matters as the time, place, and contents of false representations, as well as the identity of the person making the representation and what was obtained or given up thereby." *Bennett v. Berg*, 685 F.2d 1053, 1062 (8th Cir. 1982). Where an

action under RICO is based on fraudulent transactions, the particularity requirements of Rule 9(b) apply. *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 919 (8th Cir. 2001).

To show a pattern of two or more acts, a plaintiff must allege that the acts are continuous and that there is a relationship between those acts. *Handeen v. Lemaire*, 112 F.3d 1339, 1353 (8th Cir. 1997). This standard is commonly referred to as the "continuity plus relationship" standard.

Continuity is principally at issue here. In order to show this element, the plaintiff must allege either a closed period of repeated conduct or past conduct that threatens to repeat in the future. *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 241-42 (1989). Although this definition has been criticized for failing to provide a meaningful guideline, *H.J., Inc.*, 492 U.S. at 254 (Scalia, J., dissenting), Eighth Circuit authorities have applied it in many situations comparable to the one at bar here.

The Eighth Circuit outlined its underlying concerns in *Terry A. Lambert Plumbing, Inc. v. Western Security Bank*. 934 F.2d 976 (8th Cir. 1991). It favorably quoted decisions from two other circuit courts:

> If the pattern requirement has any force whatsoever, it is to prevent this type of ordinary commercial fraud being transformed into a federal RICO claim. If we were to recognize a RICO claim based on the narrow fraud here, the pattern requirement would be rendered meaningless.

*Id.* at 978 (quoting *Menasco, Inc. v. Wasserman*, 886 F.2d 861, 865 (4th Cir. 1989)).

> Virtually every garden-variety fraud is accomplished through a series of wire or fraud acts that are 'related' by purpose and spread over a period of several months. Where such a fraudulent scheme inflicts or threatens only a single injury, we continue to doubt that Congress intended [a RICO claim] dependent solely on whether the fraudulent scheme is well enough conceived to enjoy prompt success or requires pursuit for a period of time.

7

*Id.* at 979 (quoting *Marshall-Silver Const. Co. v. Mendel*, 894 F.2d 593, 597 (3d Cir. 1990)).

These concerns are reflected in several Eighth Circuit cases. In *Terry A. Lambert Plumbing*, a creditor allegedly granted a loan in order to provoke default by a debtor, so that the creditor could then seize the debtor's collateral. *Id.* at 978-79. Noting that the case was limited to a single set of loan agreements, the court upheld summary judgment. It reasoned that these agreements were not part of a continuous series of transactions, but instead arose out of a single commercial relationship. *Id.* at 980.

*Wisdom v. First Midwest Bank* involved a debtor who reached a settlement with a creditor. 167 F.3d 402, 405 (8th Cir. 1999). When the debtor violated the settlement, the creditor allegedly offered another sham settlement with different terms, only to renege and pursue foreclosure. These purported settlements occurred over a period of six months. *Id.*

Reviewing whether these facts were sufficient to state a claim, the court focused on the issue of continuity. It determined that the six-month period was too brief, as a matter of law, to establish a closed period of continuity. And it added that even if there was a scheme to defraud, there was not a sufficient threat of future activity to show an open-ended period of continuity. For these reasons, the court held that the debtor failed to state a claim under RICO. *Id.* at 406-07.

On the issue of continuity, the Lejchars suggest that the defendants' activities, from the time that they contacted Puro through the belated attempt to revive the transaction, are continuous. But these activities are all incident to a single transaction, the sale of the Lejchars' home. Consistent with *Wisdom*, these circumstances plainly will not constitute a closed-ended period of continuity.

A closer question is posed on whether there may be an open-ended period of continuity. The allegations in the complaint suggest that the defendants were generating fake invoices and laundering funds

8

through a sham company. The existence of this company, by itself, may permit an inference that further scams were contemplated. Unlike the circumstances in either *Lambert* or *Wisdom*, which were specific to those particular parties, the scheme here could potentially be duplicated.

What the complaint lacks, however, are any allegations showing how the scheme threatened others. There is no indication, in either the complaint or the proposed amended complaint, that the defendants sought other victims or contemplated additional transactions. Without such allegations, the complaint does not adequately show an open-ended period of continuity.

Even assuming that the element of continuity is satisfied, the element of relationship cannot be met. The Eighth Circuit has held, on summary reasoning, that a single transaction will not be enough to state a claim under RICO. *Thornton v. First State Bank*, 4 F.3d 650, 652 (8th Cir. 1993); *Lane v. Peterson*, 899 F.2d 737 (8th Cir. 1990).

It is axiomatic that, without allegations about more than one transaction, it is not possible to determine the relationship between those transactions. Aside from the scheme perpetrated against them, the Lejchars do not supply details about any other fraud. Neither their complaint nor their proposed amended complaint has details as to time, place, and conduct necessary to establish another fraud under Rule 9(b).

In their pleadings, the Lejchars have not adequately pleaded a continuous and related pattern of conduct. For this reason, they fail to state a claim under RICO, and it is appropriate for this claim to be dismissed.

Although a dismissal for failure to state a claim is ordinarily with prejudice, where the failure is due to the omission of material facts from the complaint, a court has discretion to dismiss without prejudice.

*See Belizan v. Hershon*, 434 F.3d 579, 583 (D.C. Cir. 2006); *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 495 (6th Cir. 1990). The Lejchars' RICO claim fails here due to their failure to allege more than one fraudulent transaction. Should they later acquire facts that allow them to do so, then they may revive their claim. This Court concludes it is appropriate for the Lejchars' RICO claim to be dismissed without prejudice.

At the motion hearing, the Lejchars suggested they have information that may substantiate other fraudulent transactions by the defendants. But on a motion to dismiss for failure to state a claim, a court may only consider the allegations in the pleadings. Even if it was permissible to look beyond the pleadings, the Lejchars have not supplied evidence that other transactions occurred. So these concerns do not alter the analysis here.

The Lejchars also assert that dismissal is premature. They contend that, at this stage of the litigation, they should be permitted to carry out discovery. Once they carry out this discovery, they argue, they will be able to substantiate a pattern of fraudulent transactions in their complaint. But this argument is misdirected. A plaintiff must have a well-pleaded complaint to pursue discovery; a plaintiff cannot seek discovery in order to cure an otherwise deficient complaint. *Cf. United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 559-60 (8th Cir. 2006) (refusing to authorize discovery, in action based on fraud, where complaint failed to plead fraud with particularity).

### B.  Subject Matter Jurisdiction

The Malmberg defendants go on to argue that, if they prevail on dismissal of the RICO claim, then it is appropriate for subject matter jurisdiction over the remaining claims to be declined. They assert that

the subject matter jurisdiction of this court is founded on a federal question, and because the sole federal claim in this matter is dismissed, it weighs against supplemental jurisdiction over the remaining state claims.

The parties do not contest that, because the Lejchars plead a claim under RICO, the subject matter jurisdiction of this Court is founded on a federal question. 28 U.S.C. § 1332. They also do not contest that all the remaining claims, which arise under state law, are subject to the supplemental jurisdiction of this Court. 28 U.S.C. § 1367(a).

A court may decline supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). When deciding whether to do so, a court should examine concerns such as judicial economy, convenience, fairness, and comity. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988). Where subject matter jurisdiction is founded on a federal question, and all federal claims are dismissed before trial, these factors point toward declining jurisdiction over any remaining state claims. *Barstad v. Murray County*, 420 F.3d 880, 888 (8th Cir. 2005).

Assuming that the RICO claim is dismissed, this litigation would consist entirely of state law claims. As a matter of economy, fairness, and comity, these issues are best committed to decision in the state courts. This Court concludes that it is suitable to decline subject matter jurisdiction and that the remaining state law claims be dismissed without prejudice.

This Court notes that this ruling does not foreclose the possibility of relief for the Lejchars. If they can substantiate the fraud they have alleged here, they may have cause for relief. But based on their pleadings, this litigation is not properly before a federal court.

Arguing against supplemental jurisdiction, the defendants devote substantial discussion to the Eighth Circuit decision in *Alumax Mill Products, Inc. v. Congress Financial Co.* 912 F.2d 996 (8th Cir.

11

1990). They cite this case for the proposition that, where a federal question arises under RICO, a court cannot exercise supplemental jurisdiction over state law claims. *See id.* at 1007.

The reasoning in *Alumax Mill Products* was based on the decision of the U.S. Supreme Court in *United States v. Finley*. 490 U.S. 545 (1989). The Court found that, even though federal courts have power to consider any case or controversy under Article III, this power is subject to statutory limits by Congress. It ruled, therefore, that federal courts cannot exercise supplemental jurisdiction without express statutory authority. *Id.* at 555-56.

In *Alumax Mill Products*, the court considered whether RICO provided an express basis to exercise supplemental jurisdiction over state law claims.[2] It correctly concluded, under the law in effect at that time, that RICO did not. 912 F.2d at 1007.

But this rule was abrogated in 1993 by the enactment of 28 U.S.C. § 1367, which expanded supplemental jurisdiction to include all claims sufficiently related to those claims within the original jurisdiction of the court. *See Exxon Mobil Corp. v. Allapattah Servs. Inc.*, 545 U.S. 546, 559-60 (2005). Because the statute provides a basis for supplemental jurisdiction over the state law claims in this matter, the defendants' reliance on *Alumax Mill Products* is misplaced.

### C.    Motion to Amend

As noted previously, the Lejchars separately move to amend their complaint. The Malmberg defendants oppose the motion to amend, arguing that the proposed amended complaint still fails to state

---

[2] The court in *Alumax Mill Products* referred to pendent jurisdiction instead of supplemental jurisdiction. Because supplemental jurisdiction now embraces the doctrines of pendent and ancillary jurisdiction, the distinction between pendent and supplemental jurisdiction is not material here. *See Myers v. Richland County*, 429 F.3d 740, 746 (8th Cir. 2005).

a claim, and so the motion must be denied as futile.

Although Rule 15(a) liberally favors amendment of pleadings, a motion to amend may still be denied for reasons such as such as bad faith or futility. *Doe v. Cassel*, 403 F.3d 986, 990-91 (8th Cir. 2005). When deciding whether a proposed amendment is futile, it is examined in the same manner as a motion to dismiss, for failure to state a claim, under Rule 12(b)(6). *Enervations, Inc. v. Minnesota Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004).

Consistent with the analysis beforehand, the Lejchars have not stated a claim under RICO, in either their current complaint or their proposed amended complaint. And because subject matter jurisdiction is founded on a federal question, but the sole federal claim fails, it is also appropriate to decline supplemental jurisdiction over the remaining state law claims. The Lejchars' motion to amend, therefore, is futile and may be denied.

In an argument limited to the Lejchars' motion to amend, the Malmberg defendants suggest that the proposed amended complaint is futile for failure to name all tortfeasors. They contend that all participants in the scheme are subject to compulsory joinder, and therefore, the absence of some parties means that the proposed complaint is defective.

Co-conspirators subject to action under RICO ordinarily share joint and several liability for their acts. *Oki Semiconductor Co. v. Wells Fargo Bank, N.A.*, 298 F.3d 768, 775 (9th Cir. 2002); *see also Schwab v. Phillip Morris USA, Inc.*, 449 F.Supp.2d 992, 1473-74 (E.D.N.Y. 2006) (reviewing precedents). It is well established that joint tortfeasors are not subject to compulsory joinder, *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990) (per curiam), and thus the failure to name a co-conspirator is not

fatal to a claim under RICO, *Westmont Indus., Inc. v. Weinstein*, 762 F.Supp. 646, 648-49 (M.D.Pa. 1989). The argument of the Malmberg defendants is accordingly without merit.

### III. CONCLUSION

In both their original complaint and their proposed amended complaint, the Lejchars fail to state a claim under RICO, and this count is appropriately dismissed. As subject matter jurisdiction is based on a federal question, and only state law claims remain, it is suitable to decline supplemental jurisdiction over the remaining claims. As a result, it is not necessary to address the defendants' argument that this matter be dismissed pending arbitration. This Court concludes that this litigation should be dismissed in its entirety without prejudice.

### IV. RECOMMENDATION

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. The Malmberg defendants' motion to dismiss, or in the alternative, to stay pending arbitration (Doc. No. 2) be **GRANTED.**

2. The motion to join by defendants Heidi Beacham and Marquis Mortgage (Doc. No. 18) be **DENIED AS MOOT.**

3. The Lejchars' motion to amend their complaint (Doc. No. 23) be **DENIED.**

4. All claims in this matter be **DISMISSED WITHOUT PREJUDICE.**

5. The pending motion to dismiss by defendant Barbe Puro (Doc. No. 42) be **DENIED AS MOOT.**

      6.      This litigation be dismissed in its entirety and judgment entered.

Dated this 19th day of July, 2007.                    s/Jeanne J. Graham

                                                          JEANNE J. GRAHAM
                                                          United States Magistrate Judge

### NOTICE

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by August 7, 2007. A party may respond to the objections within ten days after service. Any objections or responses filed under this rule shall not exceed 3,500 words. The District Court shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties stipulate that the District Court is not required, under 28 U.S.C. § 636, to review a transcript of the hearing in order to resolve all objections made to this report and recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.